# SUPREME COURT OF THE UNITED STATES

### ANNETTE CHAMBERS-SMITH, DIRECTOR, OHIO DEPARTMENT OF REHABILITATION AND CORRECTION *v.* KAYLA JEAN AYERS

#### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

No. 24–584.   Decided June 6, 2025

The petition for a writ of certiorari is denied.

Statement of JUSTICE ALITO, with whom JUSTICE THOMAS joins, respecting the denial of certiorari.

Kayla Ayers was convicted in 2013 of aggravated arson and child endangerment after she attempted to burn down her father's house. At trial, the State presented testimony from Ayers's father and a next-door neighbor, both of whom testified that Ayers had previously threatened to set the house ablaze. The State also called an expert who testified that the fire's burn pattern revealed two ignition points—suggesting arson, not accident. Ayers's counsel did not present or even consult with an expert and instead argued that Ayers's 3-year-old son must have started the fire while playing with a lighter.

In 2020, more than seven years after her conviction, Ayers filed a federal habeas application claiming, *inter alia*, ineffective assistance of counsel. Ayers's post-conviction counsel commissioned an expert fire-inspection report in 2019, and Ayers used that report to argue that her trial counsel rendered ineffective assistance by "fail[ing] to retain or even consult with an independent fire expert" who could have "recognize[d] the serious flaws in the [state expert's] opinions and qualifications." *Ayers* v. *Ohio Dept. of Rehabilitation and Correction, Director*, No. 5:20–cv–01654 (ND Ohio, Dec. 19, 2022), ECF Doc. 14–1, p. 32. The District Court correctly denied the petition as untimely under

28 U. S. C. §2244(d)(1)(A)'s default limitations period, but the Sixth Circuit nevertheless reversed. The panel reasoned that the 2019 expert report reopened the filing window under §2244(d)(1)(D), which allows prisoners to file a habeas petition within a year from when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." See *Ayers* v. *Ohio Dept. of Rehabilitation and Correction*, 113 F. 4th 665, 670–674 (2024).

The Sixth Circuit erred by treating newly discovered support for a previously available claim as sufficient to restart the 1-year limitations period. Here, Ayers claims her trial counsel should have consulted an independent fire expert and challenged the State's fire inspector. But Ayers had everything she needed to make that argument back in 2013 when her trial counsel failed to take those steps. Cf. *Rivas* v. *Fischer*, 687 F. 3d 514, 536 (CA2 2012) (concluding that a new expert affidavit could not revive a time-barred habeas petition because the expert's conclusion was based on facts that were previously known to and discoverable by the habeas petitioner). The 2019 expert report certainly bolstered Ayers's argument that her trial counsel's decisions harmed her defense, but "[§]2244(d)(1)(D) does not restart the time when corroborating evidence becomes available; if it did, then the statute of limitations would fail in its purpose to bring finality to criminal judgments, for any prisoner could reopen the judgment by locating any additional fact." *Escamilla* v. *Jungwirth*, 426 F. 3d 868, 871 (CA7 2005), abrogated on other grounds, *McQuiggin* v. *Perkins*, 569 U. S. 383 (2013).

Ordinarily, we would summarily reverse such a decision or, at least, grant certiorari to bring the errant Circuit back into alignment. But Ayers has now served her prison sentence and is no longer subject to post-release control. For this reason, the Court's unwillingness to summarily re-

verse is understandable, and it is possible to view the decision below as an aberrant decision attributable to the particular facts of this case and not as a precedent that will be followed in future cases. In any event, lower courts should not construe the denial of review as approval of the decision below, and litigants should not hesitate to seek certiorari if the Sixth Circuit repeats this error.